

DUNCAN W. KEIR
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
at Baltimore

| | | |
|---|---|---|
| In Re: | * | |
| **JAMES RICHARD RUNALDUE,** | * | Case No.   04-27482JFS |
| **LEAH RAE RUNALDUE,** | * | Chapter    13 |
| | * | |
| Debtors. | * | |
| ************************************ | * | |
| **EDUCATIONAL SYSTEMS EMPLOYEES FCU,** | * | |
| | * | |
| | * | |
| Movant, | * | |
| vs. | * | |
| **JAMES RICHARD RUNALDUE,** | * | |
| | * | |
| | * | |
| Respondent. | * | |

## MEMORANDUM OF DECISION

Before the court is a Motion for Relief from the Automatic Stay (hereinafter the "Motion") filed by the Movant in the above-captioned bankruptcy case. A Response to the Motion was filed by the Respondent and a hearing was held to consider the matter on November 5, 2004. At the hearing, the court took the matter under advisement and permitted the parties to submit post-hearing memoranda. Upon consideration of the evidence presented at the hearing and the post-hearing

submissions filed by both parties, the court determines that the relief requested in the Motion should be granted.

**I.    Facts**

On September 8, 1993, Respondent, James R. Runaldue (hereinafter "Respondent"), signed an Application for Membership for a Share Account Agreement with Movant. The Share Account Agreement was also signed by Respondent's parents, Gary R. Runaldue and Saundra Runaldue.[1] The signed Application for Membership for a Share Account Agreement resulted in a joint savings account (hereinafter "the Shared Account") in the names of Respondent, Gary Runaldue and Saundra Runaldue as "owners." Under the terms of the Share Account Agreement, each account holder could withdraw funds from the account regardless of which party deposited the funds into the account. Additionally, a provision within the Share Account Agreement entitled "Liability of Parties on the Account" provided that if any owner on the account was indebted to Movant, Movant could enforce its rights against all funds in the Shared Account regardless of the source of the funds.

Several years after opening the Shared Account, Respondent obtained two separate loans from Movant. Specifically, on or about May 6, 1999, Respondent applied for an unsecured line of credit that was approved by Movant (hereinafter "Loan No. 1"). As of November 4, 2004, the balance due under Loan No. 1 was $9,926.38. Subsequently, on or about December 17, 2001, Respondent and his spouse, Leah Runaldue (collectively, the "Debtors"), executed and delivered to Movant a Loanliner Disbursement Voucher and Security Agreement in order to finance a loan in the principal amount of $14,662.48 (hereinafter "Loan No. 2"). To secure repayment of Loan No. 2, the Debtors granted Movant a security interest in a 2000 Mazda 626.

---

[1] Respondent's parents, Gary and Saundra Runaldue, are non-debtor parties.

On July 23, 2004, the Debtors filed a joint petition under Chapter 13 of the United States Bankruptcy Code. The Debtors listed Loan No. 1 as an unsecured claim on their Schedule F and listed Loan No. 2 as a secured claim on their Schedule D. Thereafter, Movant filed two separate proofs of claims in the Debtors' bankruptcy case.[2] The Shared Account was not listed by the Debtors on their bankruptcy schedules.[3]

On August 4, 2004, Movant placed an administrative freeze on the Shared Account in the amount of $12,188.74. In doing so, Movant relied on the holding of *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16 (1995), in which the United States Supreme Court held that placing a temporary administrative freeze on a bank account while a bank seeks relief from the automatic stay is not a violation under 11 U.S.C. §362(a)(7). In *Strumpf*, the Supreme Court reasoned that implementing an administrative freeze on a bank account is merely a suspension of payment to the bank customer rather than an exercise of a bank's right of setoff. *Id*. at 21. In this case, Movant filed the instant Motion for Relief from the Automatic Stay on September 23, 2004 seeking permission to setoff the funds in the Shared Account against the outstanding balances due under Loan No. 1 and Loan No. 2. The Debtors filed an opposition to the Motion asserting that

---

[2] With regards to Loan No. 1, Movant initially filed a proof of claim on August 30, 2004 indicating an unsecured claim for money loaned in the amount of $9,926.38. Subsequently, on September 21, 2004, Movant filed an amended proof of claim indicating a secured claim for money loaned in the amount of $10,221.07. On the amended proof of claim, Movant indicates it has a security interest in "shares on deposit." No such security interest is reflected in the Runaldue's schedules; however, neither the Runaldues nor the Chapter 13 Trustee have filed an objection to Movant's amended proof of claim.

Also on August 30, 2004, Movant filed a proof of claim for Loan No. 2 in the amount of $8,111.77, with $7,550 categorized as secured and $561.77 categorized as unsecured. An amended proof of claim was filed for Loan No. 2 on September 21, 2004. The amended proof of claim lists a secured claim in the amount of $8166.88 with no portion categorized as unsecured.

[3] In Respondent's Response to Movant's Motion for Relief from the Automatic Stay, Respondent states that the Shared Account was not listed on his schedules because it was his "understanding that [he] was removed from [the Shared Account] several years ago."

Respondent has no interest in the funds in the Shared Account. Respondent also argues that his name was placed on the Shared Account for custodial purposes only and that Respondent believed he ceased being an owner of the Shared Account several years ago.

**II.     Issue**

The first issue to be determined by the court is whether a savings account that is shared by a debtor and a non-debtor party is property of the debtor's bankruptcy estate under 11 U.S.C. §541(a) when all deposits to the account were made by the non-debtor party and the debtor disavows any interest in the money within the account. If such account is deemed property of the bankruptcy estate, the court must then determine whether relief from the automatic stay should be granted to allow a creditor to exercise its right of setoff in a shared demand deposit account held by a debtor and non-debtor party.

**III.    Analysis**

Section 541 of the Bankruptcy Code provides that property of the bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case," except as provided in subsections (b) and (c)(2). 11 U.S.C. § 541. In this case, it is undisputed that the Shared Account was opened by Respondent and his parents in 1993, at which time Respondent was fifteen years old. Between December 1, 2000 and July 14, 2004, the Shared Account had a zero balance and was essentially unused by any of the parties having an interest in the account. On July 14, 2004, however, Gary Runaldue deposited a check into the Shared Account in the amount of $26,080.62. Respondent asserts that the deposited funds represented payment for services rendered by Gary Runaldue's construction business.[4] Also on July 14, 2004, Gary

---

[4] Movant does not dispute that Gary Runaldue is the source of the funds deposited into the Shared Account on July 14, 2004.

4

Runaldue transferred $6,191.00 into the Shared Account from another account owned by him, making the balance in the Shared Account at the time of the administrative freeze $32,271.62. Respondent asserts that he held no ownership interest in the funds that were deposited into the Shared Account on July 14, 2004.[5]

The right of setoff "allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *Strumpf* at 18 (*quoting Studley v. Boylston Nat. Bank*, 229 U.S. 523, 528 (1913)).  While the Bankruptcy Code does not create a federal right of setoff, "11 U.S.C. § 553(a) provides that, with certain exceptions, whatever right of setoff [that] otherwise exists is preserved in bankruptcy." *Id*.  A demand deposit account in which a customer deposits funds with an institution and may withdraw such funds on demand, either in cash or by executing and delivering a check or draft payable against the account, creates an account indebtedness under which the institution is indebted to the customer.[6] *See New York County National Bank v. Massey*, 192 U.S. 138, 145 (1904).  Under such a relationship, the institution is required to pay to the customer those amounts demanded by withdrawal request or presentation of a draft[7] drawn upon the account, up to the limits of the account balance and subject to the conditions of the deposit contract and applicable law. *Id*.  In this case, Movant seeks to setoff the funds it owes to one or more of the signatories under the Shared Account against the funds

---

[5] In Respondent's Response to Creditor's Motion for Relief from the Automatic Stay, Respondent states the following: "The Debtor [. . .] feel that the Courts should not grant relief from the [stay] because the money that has been administratively frozen [. . .] is not Debtor's money. Even though [. . .] Debtor is listed on the savings accounts as a member for that account, the monies that were deposited in the that account were the monies of another member (Gary R. Runaldue)."

[6] Generally, savings accounts and checking accounts are demand deposit accounts.

[7] A check is a form of draft.

Respondent owes Movant under Loans Nos. 1 and 2. Movant relies on the language of the Share Account Agreement, which provides, in part: "If any owner on an account is indebted to us, we may enforce our rights against any account of a owner or all funds in the joint account regardless of who contributed them." *Movant's Exhibit B* at ¶ 3(a).[8] Based upon this language, Movant asserts that it is entitled to setoff the funds in the Shared Account against the debts owed to it by the Debtors. Respondent, on the other hand, argues that he holds no interest in the funds in the Shared Account; therefore, setoff is improper.

In *Peoples Bank of Denton v. Turner*, 182 A. 314 (Md. 1936), the Court of Appeals of Maryland held that a right of withdrawal does not necessarily create an ownership interest in an account balance itself. In *Turner*, the bank attempted to setoff funds in a joint savings account owned by two sisters against a debt owed to the bank by one of the sisters. The Court of Appeals recognized that the funds deposited in the joint savings account could have been withdrawn by either owner and that the deposited funds were not marked in any way as belonging to one owner or the other. *Id*. at 315. Nevertheless, the Court of Appeals held that "whether ownership in the deposit under the entry was joint, or joint and several, in the two sisters, the debt of one could not affect the right of the other." *Id*. at 316. Consequently, the Court of Appeals found the facts insufficient to demonstrate a right of setoff by the bank. *Id*.

Similarly, in this case, the facts demonstrate that all of the funds deposited in the Shared Account were owned by a non-debtor party; namely, Gary Runaldue. Additionally, there is no evidence that the deposit made by Gary Runaldue on July 14, 2004 was intended to convey to Respondent any interest therein. The mere fact that Respondent could exercise a power of

---

[8] References to Exhibits refer to exhibits submitted at the hearing held on November 5, 2004. Said exhibits can be found at page 34 of the docket report.

withdrawal under the language of the Share Account Agreement did not create an ownership interest in the deposited funds on behalf of Respondent. In as much as property of the bankruptcy estate is limited to interests in property held by the Debtors at the time the petition in bankruptcy is filed, subject to certain exceptions not applicable herein, the court finds that the Shared Account is not property of the Debtors' bankruptcy estate.

Section 362(a)(7) of the Bankruptcy Code specifically stays the setoff of a pre-petition debt owed by a debtor to a depository institution against a debt owed to the debtor by the depository institution. 11 U.S.C. §367(a)(7). In such circumstance, the depository institution may freeze access to the deposit account while it seeks an order from the bankruptcy court granting relief from the automatic stay to permit the setoff, or otherwise providing adequate protection. *See Strumpf,* 516 U.S. 16 (1995). Section 362(a) also stays the initiation or continuation of actions to collect pre-petition indebtedness from the debtor or from property of the bankruptcy estate. 11 U.S.C. § 362(a). However, the automatic stay provisions of § 362 do not stay the collection of a debt owed by a debtor from a third party or property belonging to a third party. *See Winters v. George Mason Bank*, 94 F.3d 130, 133 (4th Cir. 1996). For example, a creditor holding a debt owed by the debtor may take action under applicable state law to collect that debt from a third-party, non-bankruptcy debtor guarantor without first seeking relief from the automatic stay. Similarly, such creditor may take action under state law to liquidate collateral pledged by a third party to secure a debtor's obligation provided that the debtor holds no interest in such collateral.

In this case, the contract right of setoff permitting Movant to setoff against a debt of one owner of the Shared Account any funds deposited by any owner, in effect, acted as a pledge by Gary Runaldue of the funds which he deposited into the Shared Account. Although a question

could arise as to the enforceability of such setoff clause against Respondent,[9] it does not appear that there is a question as to the legal capacity of Gary Runaldue to bind himself to said clause. However, it is not necessary for this court to determine whether the setoff clause is enforceable as against Gary Runaldue and the monies deposited by him. Such a determination does not effect the administration of the bankruptcy estate or the rights of the Debtors.

**IV.    Conclusion**

For these reasons, the court holds that the account balance against which Movant asserts a right of setoff is neither property of the Respondent nor property of the Debtors' bankruptcy estate. Accordingly, such funds are not protected by the automatic stay of 11 U.S.C. § 362 from an act of setoff by Movant under state law. An Order in conformity with this Memorandum of Decision will be entered contemporaneously herewith.

cc:    Debtors - *pro se*
       Movant
       Counsel for Movant - William R. Feldman, Esquire
       Chapter 13 Trustee

**End of Memorandum**

---

[9] Respondent was fifteen years old at the time he signed the Shared Account Agreement.